**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

SHARON WALTERS, et al.,

            Plaintiffs,

v.                                         CIVIL ACTION NO.   5:16-cv-06045

SIEMENS INDUSTRY, INC., et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Motion to Dismiss for Lack of Personal Jurisdiction* (Document 11) and the *Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction* (Document 12) filed by Defendant AK Steel Corporation, the *Plaintiff's Brief in Opposition to Motion to Dismiss of AK Steel Corporation* (Document 14), and *Defendant AK Steel's Reply to Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction* (Document 20). The Court has also reviewed *Doble Engineering's Joinder in AK Steel's Motion to Dismiss for Improper Venue, and in the Alternative, Motion to Transfer Venue* (Document 15), *Doble Engineering's Memorandum of Law in Support of Its Joinder in AK Steel's Motion to Dismiss for Improper Venue, and/or in the Alternative, Motion to Transfer Venue* (Document 16), *Defendant Siemens Industry, Inc.'s Joinder in Co-Defendant AK Steel Corporation's Motion to Dismiss* (Document 17), *General Electric Company's Motion to Dismiss for Improper Venue* (Document 18), the *Memorandum in Support of General Electric Company's Motion to Dismiss for Improper Venue* (Document 19), the *Plaintiff's Brief in Opposition to General Electric Company's Motion to Dismiss for Improper Venue* (Document 21), the *Plaintiff's*

*Brief in Opposition to Defendant Siemens Industry, Inc.'s Joinder in Co-Defendant AK Steel Corporation's Motion to Dismiss* (Document 22), the *Plaintiff's Brief in Opposition to Doble Engineering's Joinder in AK Steel's Motion to Dismiss for Improper Venue, and in the Alternative, Motion to Transfer Venue* (Document 23), and the *Reply in Support of General Electric Company's Motion to Dismiss for Improper Venue* (Document 27).   In addition, the Court has reviewed all attached exhibits.   For the reasons stated herein, the Court finds that Doble Engineering's motion to transfer venue should be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Sharon Walters, as Administratrix of the Estate of Dwayne Walters, initiated this action with a *Complaint* (Document 1-1) filed in the Circuit Court of Raleigh County on June 6, 2016.   She named Siemens Industry, Inc., AK Steel Corporation, Doble Engineering Company, and General Electric Company as Defendants.   The Defendants removed the case to this Court via a *Notice of Removal* (Document 1) filed on July 6, 2016, asserting diversity jurisdiction.

Mr. Walters was employed by Siemens.   He was hired in West Virginia and was generally employed in West Virginia, but was temporarily working in Ashland, Kentucky, at an AK Steel plant at the time of his death.   AK Steel and Siemens entered into an agreement whereby Siemens performed certain work at the AK Steel plant in Ashland, Kentucky.   Mr. Walters was assigned to assist with a job Siemens was to perform under its contract with AK Steel, involving the maintenance, repair, and testing of a G.E. Transformer, using, *inter alia*, the Doble Analyzer.   The G.E. transformer had water in the oil tank, a chronic and dangerous problem.   Mr. Walters "was

2

instructed and/or permitted by Siemens and AK Steel to work in an unsafe and dangerous location, improperly too close to the source of dangerous electrical hazards" in conditions that allegedly violated various regulations and safety standards. (Compl. at ¶ 31.) Mr. Walters performed electrical work without the appropriate gloves, without access to a safety stop switch, without proper supervision, and without proper training. He was killed as a result of electrocution on June 23, 2015, at the AK Steel plant, and the Plaintiff received worker's compensation benefits in West Virginia, under West Virginia law.

The Plaintiff alleges the following counts: Count I – Negligence, against AK Steel; Count II – Deliberate Intent, against Siemens; Count III – Negligence, against General Electric and Doble; Count IV – Breach of Warranty, against General Electric and Doble; and Count V – Strict Liability, against General Electric and Doble.

Jon Ashurst, a manager at AK Steel, submitted a declaration indicating that AK Steel is a Delaware corporation with a principal place of business in Ohio. He states that AK Steel had no operations or employees in West Virginia in 2015, though it may have owned a parcel of undeveloped property in West Virginia. Mr. Ashurst further asserts that only 0.5% of AK Steel's sales are in West Virginia, and none of the contracts related to the complaint were entered into in West Virginia. That 0.5% of sales amounts to over $330 million in sales in West Virginia. The company also owns a coke plant, Mountain State Carbon, located in West Virginia, as a wholly-owned subsidiary, and AK Steel's parent company's 10K form indicates that all subsidiaries are operated "in a single business segment." (Pl.'s Ex. 3 at 45, Document 14-3). Further, the Plaintiff

3

filed a similar lawsuit in Kentucky shortly after filing this suit, which is now pending in the District Court for the Eastern District of Kentucky.[1]

AK Steel filed its motion to dismiss for lack of personal jurisdiction and/or improper venue under 28 U.S.C. § 1391 on July 13, 2016. The Plaintiff responded on July 26, 2016, and AK Steel filed a reply on August 2, 2106. On July 27, 2016, Siemens filed a motion joining in AK Steel's motion to dismiss for improper venue. Doble joined in the motion to dismiss for improper venue, and moved in the alternative to transfer venue pursuant to 28 U.S.C. § 1404(a), and GE filed a motion to dismiss for improper venue under § 1391. The Plaintiff responded to the motions on August 9, 2016, and GE filed a reply on August 19, 2016. The motions are ripe for review.

## STANDARD OF REVIEW

### A. *Personal Jurisdiction – Rule 12(b)(2)*

"In order for a court to validly exercise personal jurisdiction over a non-resident defendant: (1) a statute must authorize service of process on the non-resident defendant, and (2) the service of process must comport with the Due Process Clause." *In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997). West Virginia's long-arm statute, contained in W. Va. Code § 56-3-33(a), "is coextensive with the full reach of due process," and so the statutory and constitutional queries

---

[1] The Court has reviewed the docket in the Kentucky action (0:16-cv-85-HRW), including the complaint, and notes that the Plaintiff makes the same claims against the same Defendants. The Court further notes that no challenge has been made to jurisdiction or venue in the Kentucky action.

merge. *Id*.; *HSBC Bank USA, Nat. Ass'n v. Resh*, No. 3:12-CV-00668, 2015 WL 4772524, at *2 (S.D.W. Va. Aug. 12, 2015) (Chambers, C.J.). "A court's exercise of personal jurisdiction over a non-resident defendant is consistent with the Due Process Clause if the defendant has sufficient "minimum contacts" with the forum such that requiring the defendant to defend its interests in the forum does not 'offend traditional notions of fair play and substantial justice.'" *Celotex*, 124 F. 3d. at 628 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). When a defendant challenges a court's personal jurisdiction in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) "the burden [is] on the plaintiff to ultimately prove grounds for jurisdiction by a preponderance of the evidence." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). When no evidentiary hearing is held, "the plaintiff need prove only a prima facie case of personal jurisdiction" and "the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Id.*

A defendant's contacts can establish either specific jurisdiction or general jurisdiction. Specific jurisdiction is available where "the defendant's qualifying contacts with the forum state also constitute the basis for the suit." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 559 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 2860, 192 L. Ed. 2d 896 (2015) (internal quotation marks and citations omitted). The Fourth Circuit has established a three-part test to determine whether specific personal jurisdiction is appropriate: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arose out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." *Id.* (internal punctuation and citations omitted).

5

General jurisdiction is available only if a corporation's contacts with a state "are so continuous and systematic as to render it essentially at home in the forum state." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (citing and quoting from *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (U.S. 2011)).

>  *B. Venue*

28 U.S.C. § 1391(b) provides that:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Section 1391(c)(2) goes on to state that a defendant is a "resident" of "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." When a case is initiated in an improper district or division, Section 1406(a) permits courts to either dismiss the case or transfer it to "any district or division in which it could have been brought." As in motions to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that venue is proper, and must make either a prima facie showing, absent an evidentiary hearing, or demonstrate proper venue by a preponderance of the evidence, if the court hears evidence. *Adhikari v. KBR, Inc.*, No. 115CV1248JCCTCB, 2016 WL 4162012, at *3 (E.D. Va. Aug. 4, 2016).

However, §1391 addresses only where cases may be "brought" while § 1441(a) establishes that the proper venue for cases removed from state court lies in "the district court of the United States for the district and division embracing the place where such action is pending."  Section 1391 "has no application to…. a removed action."  *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66, 73 S. Ct. 900, 902, 97 L. Ed. 1331 (1953); *Smith v. JP Morgan Chase Bank, N.A.*, 727 F. Supp. 2d 476, 479 (S.D.W. Va. 2010) (Goodwin, J.).

Courts may also transfer venue "for the convenience of parties and witnesses, in the interest of justice" when venue is proper in both the transferring district and in another district.  28 U.S.C. § 1404(a).  The Fourth Circuit has established four factors for consideration in deciding motions to transfer under § 1404(a): "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice."  *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

## DISCUSSION

### A. Jurisdiction

AK Steel urges dismissal for lack of personal jurisdiction.  It argues that it cannot be sued in West Virginia on these allegations because it is a Delaware Corporation with its principal place of business in Ohio, and the accident that caused Mr. Walters' death occurred in Kentucky.  AK Steel argues that its connections with West Virginia—a parcel of undeveloped real property, a wholly owned subsidiary that operates a coke plant in West Virginia, and 0.5% of its total product sales—are too limited to support jurisdiction.  The Plaintiff argues that state law provides

7

jurisdiction for deliberate intent claims brought by West Virginia employees injured on temporary out-of-state work assignments, and that AK Steel's contract with Siemens, to provide a West Virginia work crew, supports specific jurisdiction. Further, the Plaintiff states that AK Steel is licensed and authorized to do business, and to receive service of process, in West Virginia, in addition to owning property, operating a plant, and selling products in West Virginia, supporting general personal jurisdiction. In the alternative, the Plaintiff requests the opportunity to conduct discovery on AK Steel's business activities relevant to jurisdiction.

The Court finds that the facts regarding AK Steel's business interests in West Virginia, as they relate to either specific or general personal jurisdiction, are insufficiently developed to permit a ruling. *See, e.g.*, *Estate of Alford v. Fuji Heavy Indus., Ltd*, No. CV 3:15-16449, 2016 WL 756489, at *3 (S.D.W. Va. Feb. 25, 2016) (Chambers, C.J.) (finding that the plaintiff had sufficiently pled facts supporting the possibility that the court had general personal jurisdiction, and directing the parties to engage in jurisdictional discovery). If personal jurisdiction were the only issue presented, discovery would be appropriate. However, given the Court's determination regarding venue, the question of jurisdiction is moot.

### B. Venue

Each Defendant has moved for dismissal or transfer for improper venue under 28 U.S.C. § 1391, resting on AK Steel's jurisdictional challenge, the residency of the Defendants, the occurrence of the accident in Kentucky, and the existence of a similar lawsuit in Kentucky. In addition, Doble moves in the alternative for transfer to the Eastern District of Kentucky for the convenience of the parties and witnesses, and in the interests of justice, pursuant to 28 U.S.C. §

1404(a), and the other Defendant's arguments, in part, involve the § 1404(a) factors. Doble argues that the Eastern District of Kentucky would be more convenient in the event it is necessary for a jury to view the site of the accident, more convenient to witnesses, and more convenient to some Defendants, while others will need to travel regardless. Doble further argues that the interests of justice weigh in favor of transfer, as the accident occurred in Kentucky, the products were used in Kentucky, and the Plaintiff filed an identical action in Kentucky.

The Plaintiff argues that venue is proper under § 1391(b)(1) because the Defendants are subject to the Court's personal jurisdiction, and are therefore 'residents.' The Plaintiff further asserts that a substantial part of the events giving rise to this suit occurred in West Virginia, including Mr. Walters' training, provision of protective equipment, maintenance of some equipment, and establishment of Siemens' policies and procedures. The Plaintiff states that the witnesses present at the time of the accident are in West Virginia, and points out that the relatively short distance between this district and Ashland, Kentucky, limits any inconvenience in conducting discovery in both places. The Plaintiff also stresses that its claim for deliberate intent is a West Virginia cause of action unavailable in Kentucky, favoring resolution by a West Virginia court familiar with state law.

As noted above, § 1391 provides rules for determining the proper venue of an action when it is *filed* in federal court. Section 1441(a) provides that, when an action filed in state court is removed to federal court, the proper venue is the district embracing the state court where the action was pending. This action was filed in the Circuit Court of Raleigh County, and the Defendants removed it to this Court, which embraces Raleigh County, on July 6, 2016. Therefore, § 1391 is

inapplicable, and the Defendants' motions for dismissal or transfer based on improper venue under that section should be denied.

However, the Court finds that transfer of this matter to the Eastern District of Kentucky is in the interests of justice, pursuant to Section 1404(a). The factors established by the Fourth Circuit in *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice," counsel in favor of transfer. 791 F.3d 436, 444 (4th Cir. 2015).

By filing the same action both here and in Kentucky, the Plaintiff has essentially chosen both venues. Her "choice" of venue in Beckley, West Virginia, is not entitled to significant weight when she has also chosen to file suit in the alternate proposed venue. Convenience for parties and witnesses is also relatively evenly divided between the two districts. Based on the parties' assertions, some witnesses are located in Kentucky, some are in West Virginia, and some are elsewhere. The Plaintiff resides in Raleigh County, West Virginia. The plant where the accident occurred is in Ashland, Kentucky, and none of the corporate Defendants are incorporated or headquartered in either West Virginia or Kentucky. Thus, some parties will be somewhat inconvenienced by either venue. As the Plaintiff noted, the inconvenience to parties or witnesses residing in either proposed venue is minimal, given that Beckley, West Virginia, and Ashland, Kentucky, are approximately two hours apart.

The Plaintiff did not address the Defendants' arguments that it would be improper to permit this action and the similar Kentucky action to proceed simultaneously. "The interest of justice

weighs heavily in favor of transfer when a related action is pending in the transferee forum." *D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 783 (D. Md. 2009). Transfer, and possible consolidation, avoids inconsistent results, reduces costs, and supports judicial efficiency. *Id.*; *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 721 (E.D. Va. 2005). In this case, although the West Virginia action appears to have been filed first, the Plaintiff filed both actions within weeks of one another, before any favorable or adverse rulings could have been made. It is not clear why the Plaintiff filed suit in both locations. Therefore, the Court has not considered any potentially improper motive or the risk of forum shopping. Nonetheless, it is not in the interests of justice to permit both actions to proceed simultaneously, with different judges potentially issuing inconsistent rulings. Nor is it practical for the parties and witnesses to manage two different scheduling orders with differing discovery deadlines, motions deadlines, and trial dates. Because Ashland, Kentucky, is the site of the accident, Kentucky has a strong interest in having the matter litigated there. Likewise, specific personal jurisdiction is available in Kentucky because the accident occurred there, eliminating the jurisdictional concerns presented here. Therefore, the Court finds that Doble's motion for transfer pursuant to § 1404(a) should be granted.

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that *Doble Engineering's Joinder in AK Steel's Motion to Dismiss for Improper Venue, and in the Alternative, Motion to Transfer Venue* (Document 15) be **DENIED** to the extent it seeks dismissal for improper venue, and **GRANTED** to the extent it seeks transfer pursuant to 28 U.S.C. § 1404(a). The Court further

11

**ORDERS** that AK Steel's *Motion to Dismiss for Lack of Personal Jurisdiction* (Document 11) be **TERMINATED AS MOOT**, and that *General Electric Company's Motion to Dismiss for Improper Venue* (Document 18) and *Defendant Siemens Industry, Inc.'s Joinder in Co-Defendant AK Steel Corporation's Motion to Dismiss* (Document 17) be **DENIED** to the extent the motions seek dismissal for improper venue pursuant to 28 U.S.C. § 1391, and **GRANTED** to the extent the motions may be construed under 28 U.S.C. § 1404(a).

Finally, the Court **ORDERS** that this matter be **TRANSFERRED** to the Eastern District of Kentucky.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Clerk of the District Court for the Eastern District of Kentucky, to the Honorable Henry R. Wilhoit, Jr., United States District Judge, to counsel of record, and to any unrepresented party.

ENTER: November 16, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA